IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEITH CLAYTON,

    Petitioner,

vs.                                          Case No. 4:06cv217-MP/WCS

JAMES McDONOUGH,

    Respondent.

_____/

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS § 2254 PETITION**

        Petitioner, proceeding pro se, filed a 28 U.S.C. § 2254 petition and supporting memorandum. Docs. 1 and 2. Petitioner challenges three judgments of the Second Judicial Circuit, Gadsden County. As set forth ahead, he entered a nolo contendere plea to a new offense and admitted to violating probation in two other cases.

        Respondent filed a motion to dismiss the § 2254 petition as untimely. Docs. 18 (motion) and 19 (notice of filing exhibits). Petitioner filed a reply. Doc. 24. Hereafter, references to exhibits are to those supplied with the motion to dismiss unless otherwise noted.

**One Year Period**

There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. § 2244(d)(1)(A). Petitioner does not dispute that the applicable commencement date here is the date on which his conviction became final.

The one year period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2)(e). The time may also be equitably tolled where a petitioner can demonstrate both extraordinary circumstances and due diligence. Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 701 (11th Cir. 2004) (also noting that, "[b]ecause of the difficult burden, this Court has rejected most claims for equitable tolling."); Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) (same, assuming without deciding that equitable tolling is allowed pursuant to 28 U.S.C. § 2244(d)).

For purposes of calculating the time period, the court references the dates on which Petitioner signed his documents and submitted them to prison officials for mailing. Cramer v. Secretary, Dept. Of Corrections, 461 F.3d 1380, 1382, n. 1 (11th Cir. 2006) (citation omitted).

**Relevant History**

Petitioner was charged with driving while license revoked, habitual traffic offender, on March 30, 2002, and June 11, 2002, case numbers 02-412-CFA and 02-

344-CFA, respectively. Ex. GG, pp. 21-22. Specifically, in both cases Petitioner was charged with driving while his license was revoked pursuant to FLA. STAT. § 322.264 (habitual offender), contrary to FLA. STAT. § 322.34(5). *Id.* On December 20, 2002, Petitioner was sentenced to concurrent terms of 18 months probation in those cases. *Id.*, pp. 23-32.

Petitioner was again charged with driving while license revoked on April 19, 2003, in case 03-387-CFA. *Id.*, p. 33. As in the previous cases, the charge was that Petitioner was driving while his license was revoked under § 322.64, in violation of § 322.34(5). *Id.*

A plea and sentencing hearing was held on July 11, 2003. Ex. G (transcript). Petitioner was before the court on the new charge in 03-387-CFA and the violation of probation charges in the other two cases. *Id.*, p. 3. The parties negotiated a plea of no contest to the new charge, and admission to the violation of probation charges, in exchange for a one year sentence to community control, plus one year probation, and a 36 month suspended sentence with the Florida Department of Corrections (DOC). Ex. G, p. 3; Ex. GG, pp. 34-35 (plea and acknowledgment of rights form labeled with the three case numbers, signed by Petitioner and his counsel on July 11, 2003).

As to the new offense, Petitioner told the court he understood he was giving up his right to trial, to call and confront witnesses, and to remain silent. Ex. G, pp. 5-6. He said he understood the deal they had worked out and felt it was in his best interest to enter the plea. *Id.*, p. 7. As to the violation of probation charges, Petitioner said he understood he had an absolute right to a hearing, and stated under oath that he waived

that right and admitted to the violations.  *Id.*, p. 8.  The court found the waiver knowing and voluntary and accepted the admissions.  *Id.*, pp. 8-9.

The court found a factual basis for the new offense, and accepted Petitioner's plea as knowing and voluntary.  *Id.*, p. 9.  Pursuant to the plea agreement, Petitioner was sentenced on each of the three cases to three years with the DOC, suspended, and one year of community control to be followed by one year of probation, all to run concurrently.  *Id.*, pp. 9-10.  Petitioner was advised of his right to appeal within 30 days and the right to appointed counsel on appeal.  *Id.*, p. 11.

The written judgment in 03-387-CFA was entered on July 11, 2003.  Ex. H; Ex. GG pp. 36-40.  The orders of revocation in 02-344-CFA and 02-412-CFA were entered on September 3, 2003, nunc pro tunc to July 11, 2003.  Exs. I-L.  Petitioner did not appeal.

Petitioner subsequently violated his conditions, and on March 23, 2004, was sentenced to three years in the DOC.  Ex. P (transcript of violation hearing), and Exs. Q, R, and S (sentences of that date entered in the three cases).

## § 2254 Claims

Petitioner does not challenge the revocations of March 23, 2004, but the no contest plea and admissions to probation violations entered on July 11, 2003.[1]  He

---

[1] The court assumes that Petitioner is in custody pursuant to all three.  It is noted that in Petitioner's Rule 3.800(a) motion, filed in 03-387-CFA on September 16, 2006, he "contend[ed] that *with the ruling of the court vacating the two traffic offenses* he is now only being detained on the authority of one traffic offense, number 03-387 CFA . . . ."  Doc. 10 (motion to supplement, granted by doc. 11), Att. 1, p. 3.  It seems unlikely that the two prior traffic offenses had been vacated, however, since Petitioner simultaneously filed a 3.800(a) motion seeking relief as to the two traffic offenses.  *Id.*,

claims in ground one that counsel was ineffective for failing to investigate or call witnesses, who would have said that Officer Williams, who issued the citation on or about April 12, 2003,[2] did not see Petitioner behind the wheel of the car (though he had the key in his pocket), and allegedly issued the citation and impounded the vehicle based only on Petitioner's past driving record. Doc. 1, pp. 4-4B.

Petitioner claims in ground two that counsel was ineffective in erroneously advising that, even if he succeeded in defending the new charge at trial, he would receive two years imprisonment with the DOC for the violation of probation. *Id.*, pp. 4B-4D. Petitioner claims he "was coerced to believe" he could not prevail on the violation charges, and that if counsel had properly advised him he would have gone to trial. *Id.*, p. 4D.

**Legal Analysis**

As Petitioner did not appeal, the judgment in 03-387-CFA became final on Monday August 11, 2003, when the time for filing an appeal expired. *See* Fla.R.App.P. 9.140(b)(3) (allowing 30 days from the rendition of a written order imposing sentence to file appeal). The revocation judgments in 02-344-CFA and 02-412-CFA, filed September 3, 2003, became final no later than October 3, 2003. Absent tolling of the period, the one year expired on August 10, 2004, and October 4, 2004 (a Monday), for

---

Att. 2 (motion filed in 02-344-CFA and 02-412-CFA, dated September 17, 2006).

[2] The date of the offense charged in 03-387-CFA was April 19, 2003. Ex. GG, p. 33. Presumably the citation by Williams complained about by Petitioner is the same one charged there, as Petitioner contends it resulted in a new charge and violation charges.

the new offense and violation offenses, respectively. The petition for writ of habeas corpus was not filed in this court until May 1, 2006. Doc. 1 (date of signature, applying the mailbox rule for prisoners).

Petitioner filed a motion for modification and reduction of sentence pursuant to Fla.R.Crim.P. 3.800(c) on April 27, 2004. Ex. U. The motion referenced the three case numbers. *Id.*, p. 1.[3] In the motion, Petitioner claimed his family was in distress, mentioned his wife and daughter, and expressed religious beliefs. Petitioner did not challenge the legality of his convictions or sentences. The motion was denied on May 24, 2004. Ex. GG, p. 44.

Respondent asserts that the Rule 3.800(c) motion did not challenge the judgment or sentence, and did not toll the period under § 2244(d). Doc. 18, pp. 9-10, *citing, inter alia*, Bridges v. Johnson, 284 F.3d 1201 (11th Cir. 2002).

In Bridges, a Georgia inmate's request for review by a sentence review panel was held to be not an attack on the constitutionality or correctness of the judgment or conviction, and the court found it was not an application for "post-conviction or other collateral review" for purposes of § 2244(d). 284 F.3d at 1202-04. The court reasoned that such a request did not qualify as a § 2244(d) motion for state post-conviction relief because it did "not promote exhaustion by giving state courts the opportunity to consider federal-law challenges to state court judgments, and it does not promote finality of state court judgments by reducing the time in which federal review is sought." *Id.*, at 1203.

---

[3] The motion actually set forth the numbers 20-0200344, 20-0200412, and 20-0300387, apparent variations of the numbers discussed here.

The rationale of Bridges has been applied to Florida Rule 3.800(c) motions in this district. Lawson v. Moore, 5:02cv258-MP/MD, doc. 15, pp. 5-6 (report and recommendation) (the recommendation was adopted and judgment entered on December 9, 2003) (docs. 16 and 17 in that case); Asad v. McDonough, 3:06cv138-LAC/EMT, doc. 27, pp. 6-7 (report and recommendation) (the recommendation was adopted and judgment entered on January 9, 2007) (docs. 36 and 37 in that case).[4]

Rule 3.800(c) provides that "[a] court may reduce or modify . . . a *legal* sentence imposed by it . . . ." Rule 3.800(c) (emphasis added). A Rule 3.800(c) request for a reduction of sentence at the discretion and mercy of the court is analogous to the procedure in Bridges, and is not an application for post-conviction or collateral review for purposes of § 2244(d). *See also* Walkowiak v. Haines, 272 F.3d 234, 236-239 (4th Cir. 2001) (concluding that a motion for reduction of sentence under a West Virginia Rule allowing defendant to plead for mercy or leniency from the same judge who imposed the sentence was not a motion for post conviction or collateral review under § 2244(d)(2)[5]). *But see* Robinson v. Golder, 443 F.3d 718, 720 (10th Cir.), *cert. denied*,

---

[4] That case is pending on appeal. A certificate of appealability was recently denied by the district judge, and the original papers have been forwarded to the Eleventh Circuit. Docs. 45, 48, and 49 in that case.

[5] The motion was brought under subsection (b) of West Virginia Criminal Rule 35, rather than subsection (a) which allowed the court to correct an illegal sentence. "The only issue before the court on a Rule 35(b) motion is whether the defendant, although sentenced in conformity with applicable laws, nevertheless presents some compelling *non-legal* justification that warrants mercy. Claims of legal error, by contrast, are brought by motion under West Virginia Rule 35(a) . . . ." 272 F.3d at 238. Similarly, a Rule 3.800(a) motion authorizes *correction* of an illegal sentence, whereas 3.800(c) allows for *reduction* of a legal sentence.

127 S.Ct. 166 (2006) (§ 2244(d)(2) does not require that a state court motion contain constitutional challenges to the conviction, and state court retained jurisdiction while motion for reduction of sentence remained pending, so motion tolled the period[6]).

In his response, doc. 24, Petitioner does not challenge Respondent's calculation of the period. Instead, he claims he was convicted of a nonexistent crime, because the statute has been revoked as a violation of the single subject rule of the Florida Constitution. *Id.*, p. 2. He recently raised this claim in Rule 3.800(a) motions. Doc. 10, Atts. 1 and 2. State law error, however, is generally not cognizable in federal habeas corpus.[7] To the extent this claim of state law error could be construed as a claim of actual innocence to avoid the limitations period,[8] Petitioner is not entitled to relief.

---

[6] Subsections (a) and (b) of the rule at issue in Robinson, Colorado Criminal Rule 35, are quite similar to the West Virginia Rule 35 addressed in Walkowiak (preceding footnote). Subsection (a) of both rules allowed correction of an illegal sentence, and subsection (b) of both rules allowed reduction of a sentence upon motion or at the court's own initiative.

[7] *See*, Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989) (state sentencing guidelines, "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures."); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000), *cert. denied,* 531 U.S. 1170 (2001) (§ 2254 "was not enacted to enforce State-created rights," so "whether or not petitioner waived his right to a twelve-person jury is a matter of Florida law, not federal constitutional law.") (*citing* Branan).

[8] "[W]here the § 2244(d)(1) limitation period has expired and the petitioner is claiming actual innocence, we must first consider whether the petitioner can show actual innocence before we address whether an exception to the limitation period is required by the Suspension Clause of the United States Constitution." Arthur v. Allen, 452 F.3d 1234, 1244 (11th Cir. 2006), *citing* Wyzykowski v. Dept. of Corrections, 226 F.3d 1213 (11th Cir. 2000) (other citations omitted). *See also* United States v. Montano, 398 F.3d 1276, 1280 (11th Cir. 2005) (the court must first examine merits to determine whether untimely § 2255 movant was actually innocent).

Case No. 4:06cv217-MP/WCS

Petitioner cites, *inter alia*, Florida Dept. of Highway Safety and Motor Vehicles v. Critchfield, 842 So. 2d 782 (Fla. 2003).  Doc. 24.  In Critchfield, the court held that section 2 of chapter 98-223 (involving assignment of bad check debt to a private debt collector) "has no natural or logical connection to the law's subject matter, which is driver's licenses, operation of motor vehicles, and vehicle registrations."  *Id.*, at 785.  Chapter 98-223 therefore violated the "single subject" provision of the Florida Constitution.  *Id.*, at 786.  Mr. Critchfield had been found ineligible for a hardship driver's license under section 8 of chapter 98-223, which amended FLA. STAT. § 322.26.  *Id.*, at 1036.  Section 8 had provided for the "permanent" revocation of a driver's license after a fourth DUI conviction.  *See also*, Sorrell v. State, 855 So. 2d 1253, 1255-56 (Fla. 4th DCA 2003) (because chapter 98-223, section 13, created § 322.341 and was unconstitutional, § 322.341 became "non-existent" after Critchfield).

Section 12 of chapter 98-233 amended § 322.34 only as to subsection (2).  That subsection (and the amendment under section 12) applied to any person driving with a cancelled, suspended, or revoked license, "*except persons defined in § 322.264 . . . .*"  § 322.34(2) (emphasis added).  Petitioner violated § 322.34(5), which makes it a third degree felony for a person to drive while his or her license is revoked pursuant to § 322.264 (habitual offender).  The charges against Petitioner (discussed above) all specifically cited § 322.264 as well as § 322.34(5).  By its own terms, § 322.34(2) had no application to Petitioner's offenses.  *Cf.* Duff v. State, 942 So. 2d 926, 930 (Fla. 5th DCA 2006) (noting, in the double jeopardy context, that driving while license suspended

under § 322.34(2) and driving while license revoked as a habitual offender under § 322.34(5) are mutually exclusive offenses).

Therefore, the ruling in Critchfield has no application to Petitioner's conviction. Even with the assumption that actual innocence excuses untimeliness and that exhaustion of the actual innocence claim is not necessary before this court can consider it to excuse untimeliness,[9] Petitioner has not shown actual innocence excusing him from the § 2244(d) limitations period.  The one year period expired on August 10, 2004 (for 03-387) and October 4, 2004 (for 02-344 and 02-412), because Petitioner's Rule 3.800(c) motion did not toll the time. There is no other tolling or other exception to the limitations period, and the § 2254 petition is untimely.

**Recommendation**

It is therefore respectfully **RECOMMENDED** that the motion to dismiss (doc. 18) be **GRANTED**, and Petitioner's § 2254 petition challenging the judgment of the Second Judicial Circuit, Gadsden County, in case numbers 02-344-CFA, 02-412-CFA, and 03-387-CFA, be **DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on March 23, 2007.

                                       s/    William C. Sherrill, Jr.
                                       **WILLIAM C. SHERRILL, JR.**
                                       **UNITED STATES MAGISTRATE JUDGE**

---

[9] *Cf*. Edwards v. Carpenter, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 1591-92, 146 L.Ed.2d 518 (2000) (before ineffective assistance of counsel can constitute cause for a procedural default, the ineffectiveness claim itself must be properly exhausted and not defaulted).  As noted by Respondent (in response to Petitioner's supplement, doc. 10), this claim is not yet exhausted.  Doc. 18, pp. 11-12.

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:06cv217-MP/WCS