IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEITH CLAYTON,

       Petitioner,

v.                                                                CASE NO. 4:06-cv-00217-MP-WCS

JAMES McDONOUGH,

       Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 25, the Report and Recommendation of the

Magistrate Judge, which recommends that Respondent's Motion to Dismiss, Doc. 18, be granted,

and Petitioner Clayton's petitioner for writ of habeas corpus, filed under 28 U.S.C. § 2254, be

dismissed as untimely.  The Magistrate Judge filed the Report and Recommendation on Friday,

March 23, 2007.  The parties have been furnished a copy of the Report and Recommendation

and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States

Code, Section 636(b)(1), the Court must make a *de novo* review of those portions to which an

objection has been made.

Petitioner Clayton was charged in state court with driving while his license was revoked.

Petitioner entered a plea of *nolo contendere* to this charge, and admitted to the violation of

probation charges in two other cases.  The state court entered judgment on these charges on July

11, 2003, and Petitioner did not appeal or challenge his sentence or conviction.  Subsequently,

Petitioner violated the conditions of his suspended sentence, and on March 23, 2004, the state

court sentenced Petitioner to three years imprisonment.  On April 27, 2004, Petitioner filed a

motion for modification and reduction of sentence in state court pursuant to Florida Rule

3.800(c), which was denied on May 24, 2004.  The instant habeas petition was filed on May 1,

2006.

   The Magistrate recommends granting Respondent's Motion to Dismiss because the

instant petition is untimely.  A petitioner has one year from "the date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such

review" in which to file a § 2254 petition in federal court.  However, tolled from this period

would be the time during which a petitioner applied for post-conviction or other collateral review

in state court.  Because Petitioner did not directly appeal his conviction, the judgment became

final on August 11, 2003, when the time for filing an appeal expired.  Further, the Magistrate

states that Petitioner's Rule 3.800(c) motion is not an application for post-conviction or

collateral review for purposes of § 2244(d), and therefore should not toll the one-year statute of

limitation.  Therefore, the one year period expired on August 10, 2004, in case number 03-387

and October 4, 2004, in case numbers 02-344 and 02-412, thus making the instant petition

untimely.

   In his objections, Petitioner does not challenge this computation of time, but instead

states that the statute under which he was convicted, FLA. STAT. §322.34(5), has been found

unconstitutional by the Florida Supreme Court.  Since the statute is void, Petitioner argues that

the underlying conviction is by necessity void as well.  Petitioner cites the Florida Supreme

Court case Florida Dept. of Highway Safety and Motor Vehicles v. Critchfield, 842 So. 2d 782

(Fla. 2003), as support for his proposition that § 322.34 is unconstitutional under the Florida

Constitution for violating the "single subject rule."  As the Magistrate notes, the ruling in

Critchfield has no application to Petitioner's conviction.  The Court agrees with the Magistrate

that since Petitioner has not shown actual innocence excusing him from the § 2244(d) limitations

period, Petitioner's the § 2254 petition is untimely, and the Respondent's motion to dismiss must

be granted.

Therefore, having considered the Report and Recommendation and the objections

thereto, I have determined that the Report and Recommendation should be ADOPTED.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    The Magistrate Judge's Report and Recommendation is adopted and incorporated
      by reference in this order.

2.    Respondent's motion to dismiss, Doc. 18, is GRANTED

3.    Petitioner's § 2254 petition challenging the judgment of the Second
      Judicial Circuit, Gadsden County, in case numbers 02-344-CFA, 02-412-CFA,
      and 03-387-CFA, is DISMISSED as untimely.

**DONE AND ORDERED** this   *18th* day of April, 2007


              *s/Maurice M. Paul*
          Maurice M. Paul, Senior District Judge